IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MONTRAIL COOK,

    Petitioner,

vs.                                    Case No.: 4:13cv596-RH/CAS

MICHAEL CREWS, Secretary
of Florida Department of Corrections

    Respondent.
_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITON AS UNTIMELY

On October 23, 2013, Petitioner Montrail Cook, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Doc. 1.  Petitioner challenges convictions and sentences imposed by the Second Judicial Circuit, Leon County, on January 4, 2005, following a jury trial.  *Id*.  On May 5, 2014, Respondent filed a motion to dismiss the § 2254 petition as untimely, with exhibits.  Docs. 7 and 8.  On May 21, 2014, Petitioner filed a reply to that motion.  Doc. 10.

The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).  The pleadings and attachments before the Court show that the petition is

untimely and should be dismissed. *See* Rule 4, R. Gov. § 2254 Cases in U.S. Dist. Cts (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural History

The relevant aspects of the procedural background of this case are established by the state court records. *See* Doc. 8.[1] By amended information filed on September 29, 2004, the State of Florida charged Petitioner with four counts: (1) attempted first-degree murder, (2) armed robbery with a firearm, (3) burglary of a dwelling while armed, and (4) aggravated assault with a deadly weapon. Ex. A. Following a jury trial in Leon County on October 15, 2004, the Petitioner was found guilty of the lesser offense of attempted voluntary manslaughter without possession of a firearm on Count 1, guilty of the lesser offense of robbery on Count 2, guilty of the lesser offense of trespass on Count 3, and not guilty for aggravated assault with a deadly weapon on Count 4. Exs. B and C. On January 4, 2005, the Petitioner was sentenced to five years in prison for Count 1, fifteen years in prison for Count 2, and one year in prison for Count 3. Exs. D and E.

On October 20, 2005, Petitioner appealed his conviction and sentence to the First District Court of Appeal (DCA). Ex. F. The State filed an answer brief. Ex. G. Petitioner filed a reply brief. Ex. H. The First DCA heard oral argument on June 27, 2006. Ex. I. On June 30, 2006, the First DCA affirmed the judgment and sentence, per curiam, without a written decision. Ex. J; Cook v. State, 932 So. 2d 1110 (Fla 1st DCA

---

[1] Hereinafter all citations to the state court record refer to the exhibits submitted with Respondent's motion to dismiss (Doc. 8).

2006) (table). The mandate issued July 18, 2006. Ex. K. Petitioner did not seek further review.

On February 1, 2007, Petitioner filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Ex. L. On May 15, 2007, the trial court denied the post-conviction motion; no evidentiary hearing was conducted. Ex. M. Petitioner appealed to the First DCA. Ex. N. The State filed a notice to the court that no answer brief would be filed. Ex. O. On February 20, 2008, the First DCA affirmed, per curiam, without a written decision. Ex. P; Cook v. State, 975 So. 2d 1136 (Fla. 1st DCA 2008) (table). The mandate issued March 18, 2008. Ex. Q.

On December 31, 2009, Petitioner filed a petition for writ of habeas corpus in the First DCA alleging ineffective assistance of appellate counsel. Ex. R. On January 29, 2010, the First DCA entered an order denying the petition, citing Florida Rule of Appellate Procedure 9.141(c)(4)(B). Ex. S; Cook v. McNeil, 29 So. 3d 345 (Fla. 1st DCA 2010). Petitioner's motion for rehearing was denied on March 16, 2010. Exs. T and U.

On August 12, 2010, Petitioner filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). Ex. V. By order rendered November 9, 2010, the trial court denied the motion. Ex. W. Petitioner's motion for rehearing was denied. Exs. X and Y. Petitioner appealed to the First DCA. Ex. Z. On February 10, 2011, the First DCA affirmed, per curiam, without a written decision. Ex. BB; Cook v. State, 54 So. 3d 491 (Fla. 1st DCA 2011) (table). The mandate issued March 8, 2011. Ex. CC.

On June 11, 2012, Petitioner filed a second Rule 3.850 motion for post-conviction relief.  Ex. DD.  On September 24, 2012, the trial court entered an order denying post-conviction relief; no evidentiary hearing was conducted.  Ex. EE.  Petitioner appealed the order to the First DCA.  Exs. FF, GG, and HH.  The First DCA issued an order to show cause why the appeal should not be dismissed as untimely filed.  Ex. II.  Petitioner filed a response.  Ex. JJ.  On January 30, 2013, the First DCA dismissed the appeal without prejudice to Petitioner's right to file a facially sufficient petition for belated appeal pursuant to Florida Rule of Criminal Procedure 9.141(c).  Ex. KK; Cook v. State, 106 So. 3d 31 (Fla. 1st DCA 2013).  The mandate issued February 26, 2013.  Ex. LL.

On February 4, 2013, Petitioner filed a petition for belated appeal in the First DCA.  Exs. MM, NN, and OO.  On February 27, 2013, the State was directed to show cause why the petition for belated appeal should not be granted.  Ex. PP.  The State filed a response.  Ex. QQ.  On May 17, 2013, the First DCA granted the petition for belated appeal.  Ex. RR; Cook v. State, 38 Fla. L. Weekly D1105 (Fla. 1st DCA 2013).  The mandate issued June 4, 2013.  Ex. SS.  Petitioner filed an initial brief.  Ex. TT.  The State filed a notice that no answer brief would be filed.  Ex. UU.  On August 23, 2013, the First DCA affirmed, per curiam, without a written opinion.  Ex. VV; Cook v. State, 121 So. 3d 1040 (Fla. 1st DCA 2013) (table).  Petitioner filed a motion for rehearing, which the First DCA denied on September 27, 2013.  Exs. WW and XX.  The mandate issued October 15, 2013.  Ex. YY.

As indicated above, Petitioner filed his § 2254 petition on October 23, 2013.  Doc. 1.  Respondent has filed a motion to dismiss the petition as untimely.  Doc. 7.  Petitioner filed a reply to the motion to dismiss.  Doc. 10.

## Analysis

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), there is a one-year limitations period for filling a § 2254 petition. 28 U.S.C. § 2244(d)(1). The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). Later dates which may commence the period are the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the constitutional right asserted was recognized by the U.S. Supreme Court and made retroactive on collateral review; and the date on which the factual predicate for the claim could have been discovered with due diligence. *Id.* § 2244(d)(1)(B)-(D). The period is tolled for the time during which a "properly filed" application for relief is pending in state court. *Id.* § 2244(d)(2). [2]

As Respondent correctly argues in the motion to dismiss, the § 2254 petition is untimely. Petitioner's conviction became final on September 28, 2006, when the ninety-day period to seek review in the U.S. Supreme Court expired. Webster v. Moore, 199 F. 3d 1256, 1259 (11th Cir. 2000); Doc. 8 Ex. J. The Petitioner had until September 28, 2007, to file his federal petition for habeas corpus relief unless he had a properly filed state post-conviction motion pending at any time during this time period. Petitioner filed his first post-conviction motion on February 1, 2007. Doc. 8 Ex. L. At this point, 126 days had passed. This post-conviction proceeding tolled the limitations period until March 18, 2008, when the First DCA issued the mandate in the appeal from the denial

---

[2] The time may also be equitably tolled in rare cases and "only if a petitioner establishes *both* extraordinary circumstances and due diligence." Diaz v. Sec'y for Dep't of Corr., 362 F. 3d 698, 702 (11th Cir. 2004).

of the post-conviction motion. *Id.* Ex. M. Petitioner then had 239 days (until November 12, 2008) remaining in his AEDPA limitation period. Webster, 199 F.3d at 1259.

Petitioner did not file another pleading until December 31, 2009, when he filed his petition for writ of habeas corpus in the First DCA, alleging ineffective assistance of counsel. Doc. 8 Ex. R. This petition was filed well after the November 12, 2008, deadline. *Id.* Anything petitioner filed thereafter could not toll that period. *See*, *e.g.*, Tinker v. Moore, 255 F. 3d 1331, 1335 n.4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002) ("We remind petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period."); Webster, 199 F.3d at 1259 ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.")

Finally, Petitioner alleges entitlement to equitable tolling of the federal limitations period. Doc. 10 at 5. Petitioner makes an argument relying on Martinez v. Ryan, 132 S. Ct. 1309 (2012), saying that he believed he was still represented by an attorney (Robert Harper) and, because of that attorney's neglect, § 2254 was not timely filed. *Id.* at 4. Petitioner has misinterpreted Martinez. "The Martinez rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to AEDPA's statute of limitations or the tolling of that period." Arthur v. Thomas, 739 F. 3d 611, 630 (11th Cir. 2014). Because the AEDPA's limitations period for the Petitioner had expired, an ineffective assistance of counsel claim will not equitably toll the federal limitations period.

As set forth above and in the Procedural History, Petitioner cannot show that he has acted with any diligence, as he allowed significant periods of time to lapse among all of his state court filings.  See, e.g., Holland v. Fla., -- U.S. --, 130 S. Ct. 2549, 2562 (2010) ("[A] 'petitioner' is 'entitled to equitable tolling' only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005))); Drew v. Dep't of Corr., 297 F. 3d 1278, 1286-87 (11th Cir. 2002) ("In order to be entitled to the benefit of equitable tolling, a petitioner must act with diligence, and the untimeliness of the filing must be the result of circumstances beyond his control.").

## Conclusion

Because the § 2254 petition is untimely, Respondent's motion to dismiss (Doc. 7) should be granted.  The § 2254 petition (Doc. 1) should be dismissed.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner cannot make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000)

(explaining how to satisfy this showing) (citation omitted). [3]  Therefore, the Court should deny a certificate of appealability in its final order.  Leave to appeal in forma pauperis should also be denied, as an appeal would not be taken in good faith.  See Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

The Second sentence of Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Petitioner shall make any arguments as to whether a certificate should issue by filing objection to this report and recommendation.

## Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (Doc. 7) be **GRANTED**, the § 2254 petition for writ of habeas corpus (Doc. 1) be **DISMISSED AS UNTIMELY**, a certificate of appealability be **DENIED**, and leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on June 2, 2014.

                          **s/ Charles A. Stampelos**
                          **CHARLES A. STAMPELOS**
                          **UNITED STATES MAGISTRATE JUDGE**

---

[3] As dismissal of the petition is recommended solely on the procedural basis of timeliness, Petitioner must show "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**