IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


MONTRAIL COOK,

    Petitioner,

v.                                     CASE NO. 4:13cv596-RH/CAS

MICHAEL CREWS,

    Respondent.

_____/


**ORDER DENYING THE PETITION AND**
**DENYING A CERTIFICATE OF APPEALABILITY**

    By a petition for a writ of habeas corpus under 28 U.S.C. § 2254, Montrail Cook seeks relief from a Florida state-court conviction. The petition is before the court on the magistrate judge's report and recommendation, ECF No. 11, and the objections, ECF No. 13. I have reviewed *de novo* the issues raised by the objections.

    The report and recommendation correctly concludes that the petition was filed after expiration of the one-year statute of limitations, *see* 28 U.S.C. § 2244(d), and that the limitations period was not equitably tolled.

In arguing the contrary, Mr. Cook cites *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). *Martinez* held that in limited circumstances, inadequate assistance of counsel during an initial collateral proceeding in state court may constitute cause for a procedural default in that proceeding, allowing a corresponding federal claim to proceed on the merits under § 2254. But as the report and recommendation correctly notes, the law of the circuit is that *Martinez* does not affect the statute of limitations. *See Arthur v. Thomas*, 739 F.3d 611 (11th Cir. 2014). More recently, the Eleventh Circuit reiterated that holding and extended it to the issue of equitable tolling:

> [T]he equitable rule in *Martinez* "applies only to the issue of cause to excuse the procedural default of an ineffective assistance of trial counsel claim that occurred in a state collateral proceeding" and "has no application to the operation or tolling of the § 2244(d) statute of limitations" for filing a § 2254 petition. *Chavez v. Sec'y, Fla. Dep't of Corr.*, 742 F.3d 940, 943 (11th Cir.2014) (citing *Arthur v. Thomas*, 739 F.3d 611, 629–31 (11th Cir.2014)).

*Lambrix v. Sec'y, Dep't of Corr.*, 756 F.3d 1246 (11th Cir. 2014).

This does not mean that equitable tolling never applies to ineffective-assistance claims of this kind. But as correctly set out in the repot and recommendation, Mr. Cook has not alleged facts sufficient to support equitable tolling.

Rule 11 of the Rules Governing § 2254 Cases requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to

the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' "

*Slack*, 529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

The petitioner has not made the required showing. This order thus denies a certificate of appealability.

For these reasons,

IT IS ORDERED:

1. The report and recommendation is ACCEPTED.

2. The clerk must enter judgment stating, "The petition is DENIED with prejudice."

3. A certificate of appealability is DENIED.

4. The clerk must close the file.

SO ORDERED on September 18, 2014.

s/Robert L. Hinkle  
United States District Judge